UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RODERICK L. HYMON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>MARY K. HOLTHUS, et al.,<br>　　　　　　　　Defendants. | Case No. 2:23-cv-01764-MMD-BNW<br><br>ORDER |

**I.　DISCUSSION**

　　**A.  Plaintiff's Address**

　　According to the Clark County Detention Center ("CCDC") inmate database, Plaintiff is no longer being detained at CCDC. However, Plaintiff has not filed an updated address with this Court. Under Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1.

　　Plaintiff shall file his updated address with this Court on or before **September 20, 2024**. If Plaintiff does not update the Court with his current address by **September 20, 2024**, this action will be subject to dismissal without prejudice.

　　**B.  Plaintiff's Motion**

　　Plaintiff filed a motion requesting that this case be consolidated with five other cases, and that an attorney be appointed to negotiate a settlement of all six cases on his behalf. (ECF No. 5). Plaintiff's motion does not include any factual details or arguments to support his requests.

　　Federal Rule of Civil Procedure 42(a) provides that a court may consolidate the actions if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*.

Plaintiff does not make any argument that the cases he wishes to consolidate involve a common question of law or fact. Rather, it appears that he is seeking consolidation solely for the purposes of a global settlement. Furthermore, several of the cases have already been dismissed based on Plaintiff's failure to file an updated address.

Plaintiff's motion for appointment of counsel does not include any details or argument to support the appointment of counsel, and the motion appears to be based solely on the convenience of having an attorney negotiate a global settlement, rather than Plaintiff's ability to articulate his claims. This case is still at the screening stage, but an initial review of the complaint does not support the existence of exceptional circumstances warranting the appointment of counsel. Furthermore, several of Plaintiff's cases have already been dismissed for failure to file an updated address, and this case will also be subject to dismissal unless Plaintiff files an updated address.

Therefore, Plaintiff's motion to consolidate cases and appoint counsel to negotiate a settlement (ECF No. 5) is denied without prejudice. If Plaintiff files an updated address, he may file a renewed motion to either consolidate cases or appoint counsel, explaining why the request should be granted.

II. **CONCLUSION**

Therefore, IT IS HEREBY ORDERED that Plaintiff shall file his updated address with the Court on or before **September 20, 2024**. If Plaintiff does not file his updated

address by that deadline, this case will be subject to dismissal without prejudice. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number.

IT IS FURTHER ORDERED that Plaintiff's motion to consolidate cases and appoint counsel (ECF No. 5) is DENIED without prejudice.

DATED THIS 21 day of August 2024.

_____
UNITED STATES MAGISTRATE JUDGE